ADDISON MANVILLE, *Plaintiff in Error*,

*vs.*

ROYAL GAY and EMILY LEE, Administrators of the estate of Gay W. Lee, *Defendants in Error*.

ERROR TO THE COUNTY COURT OF SHEBOYGAN COUNTY.

An executory agreement to apply the value of certain services and materials to the part payment of a debt, when the amount to be applied is uncertain and unliquidated, cannot be given in evidence under the general issue.

The value of such services and materials is a proper subject of set-off, under the proper plea or notice.

The removal of party-stairs between the demised premises and an adjoining building, by the rightful removal of such adjoining building, is not an eviction from any portion of the demised premises, so as to entitle the lessee to have the rent apportioned.

A partial eviction cannot be given in evidence under the general issue, in order to lessen the rent of the portion which the lessee has continued to occupy.

A partial failure of consideration must be pleaded.

This was an action of assumpsit, commenced by attachment, by the defendants in error, against the plaintiff in error, before Edward Elwell, a justice of the peace, of the county of Sheboygan, on the 21st day of January, 1851, returnable the 28th January. On the return day the parties appeared. The plaintiffs filed a written declaration, in the common counts, to which was attached a notice that the following promissory note was the plaintiff's sole demand in that suit :

" $72.00.   On the first days of May, June, July August, September, October, November, December, January, February, March and April, I promise to

pay G. W. Lee, or bearer, six dollars, for value received." "Sheboygan, March 7, 1848." Which was signed by the defendants in error.

To this the defendant below pleaded verbally, as follows : "And the said Addison Manville comes and defends the wrong and injury, when, &c., and says that he did not assume and promise, in manner and form, as the plaintiffs have declared against him, and of this he puts himself upon the country."

Whereupon, the cause was continued till April 14th, 1851, at which time said justice proceeded to try the issue so joined, and rendered judgment for the plaintiffs, for $84.00 damages, and $1.93 costs, from which judgment the defendant below appealed to the County Court.

The cause came on to be tried, upon the issue so joined, at the January term of the County Court, 1852, when the plaintiffs below introduced in evidence the note described above, and then rested.

The defendant below, then, to maintain the issue on his part, offered in evidence a certain lease; as follows :

"This indenture, made the seventh day of March, in the year of our Lord, one thousand eight hundred and forty-eight, between Gay W. Lee, of Sheboygan, Sheboygan county, and Territory of Wisconsin, party of the first part, and Addison Manville, of the same place, party of the second part ; witnesseth, that the said party of the first part, in consideration of the covenants herein contained, by the party of the second part, has let, and by these presents does grant, demise, and to farm let, unto the said party of the second part, the building now owned and occupied by the party of the first part (and the party of the

second part, has the privilege of lathing and plastering, next fall, said building with one good coat of mortar, and said work to apply for rent for the said building, at as low a price as it can be done, for cash in hand, by any mason,) situated on lot No. 2, in 'block 313, according to the recorded map of the village of Sheboygan, for the term of one year, from the first day of May, one thousand eight hundred and forty-eight. And the said Addison Manville, party of the second part, in consideration of the above agreement, doth on his part covenant, promise and agree, to and with the said party of the first part, his heirs, executors, administrators or assigns, to pay to the said party of the first part, his heirs, executors or assigns, as rent therefor, the sum of seventy-two dollars per annum, in instalments of six dollars, at the end of each and every month, during said term of one year, to-wit : on the first day of each and every month of the year, and to pay all taxes levied or assessed thereon during said term, at the time the same are properly due and payable, and before any costs accrue on said taxes, by reason of the non-payment of the same.

" And the said party of the second part, doth covenant and agree with said party of the first part, not to assign over, or to underlet, or otherwise part with this indenture, or the premises hereby leased, or any part thereof, to any person or persons, whatever, without the consent of the said party of the first part, his heirs or assigns, first had and obtained in writing under his or their hands and seals.

"And it is agreed, that if any rent shall be due and unpaid, or if default shall be made in any of the covenants herein contained, then the said party of the

second part shall forfeit all right and title to this lease,
and it shall be lawful for the said party of the first
part, his heirs or assigns, to enter into the said prem-
ises, or any part thereof, in the name of the whole, to
re-enter, and the same to re-possess, and expel the said
party of the second part therefrom, and let the same
to any other person, anything to the contrary herein
notwithstanding ; or to distrain for any rent due, any
and all property, of any kind and nature, found on or
in said premises, in payment of said rent, and to sell
the same on four days' notice, at public auction, ren-
dering the surplus money, if any, to the said party of
the second part ; or, the said party of the first part,
or his assigns, may proceed to recover the possession
of said premises, as for holding over after the termi-
nation of the lease, under the act relating to forcible
entries and detainers, and the twenty days' notice to
quit, as required by the statutes, is hereby waived.

"And at the expiration of the said term, the said
party of the second part will quit and surrender the
premises hereby demised, in as good state and condi-
tion as reasonable use and wear thereof will permit.

"And the said party of the first part does covenant,
that the said party of the second part, on paying the
said yearly rent, and performing all the covenants
aforesaid, shall and may, peaceably and quietly have,
hold and enjoy the said demised premises for the term
aforesaid." Signed by G. W. Lee.

It was also proved and admitted that the said prom-
issory note, given in evidence by the plaintiffs, was
given at the same time of the lease, as a part of the
same transaction, and was for the rent reserved in said
lease, and for no other consideration whatever, and
that the note was treated by the parties thereto, as

for, and representing said rent. The defendant then proved, that he lathed and plastered said building, as contemplated in said lease, and paid some money, which was allowed by the court below, as part payment upon the note.

The defendant then offered to prove that he furnished materials, and performed various repairs upon said building, other than those mentioned in said lease, which, at the time of the performance of such service, was understood and agreed by said Lee and Manville, should be applied as part payment of said rent and note; and also, the defendant then and there further offered to prove, that he performed other services, having no connection with said building, for said Lee, which was likewise agreed by said Lee and Manville, should be applied as part payment of said rent and note. To this offer the plaintiff objected, which objection was sustained by the court below, and the defendant excepted.

The defendant further offered to prove, that at the time of executing the lease, and of his entering into possession of said building, there was a flight of stairs upon the outside of said building, the only means of access to the chamber of said building, which stairs were party-stairs of this and an adjoining building, and were torn down during such tenantcy by the rightful removal of said adjoining building, and that said building and its occupation was greatly lessened in value to said defendant thereby; but to the admission of this evidence the plaintiffs below objected, their objection sustained by the court, and exception taken by the defendant below.

The County Court, upon the evidence, rendered a judgment in favor of the plaintiffs below, for ten dol-

lars damages, and thirty-two dollars and forty-nine cents costs, to reverse which judgment this writ of error was brought.

*J. McShafter*, for the plaintiff in error, submitted the following brief, but did not appear. (The case was also argued by J. T. Clark for the plaintiff in error. No one appearing for the defendant in error.)

I. The case depends entirely upon the propriety of the rejection of the testimony offered by the defendant below in the County Court.

The *character* of the testimony is stated in explicit terms by the case.

1. Payment is always shown under the general issue of non assumpsit. 2 *Greenl. Ev.* 423 ; 11 *J. R.* 531 ; *Howe vs. Mackay*, 5 *Pick.* 44 ; *Sargent vs. Southgate*, *id.* 312 ; *Gardner vs. Callender*, 12 *id.* 374 ; *Hunt vs. Nevers*, 15 *id.* 500 ; *Brown vs. Foster*, 7 *Wend.* 301 ; 11 *Johns. R.* 409. The fact that a portion of the payments were contemplated in the lease, can have no effect upon a distinct executed agreement as to the residue of the note. Even a contract under seal is discharged by an executed parol agreement accepted in satisfaction before breach. 2 *Am. Leading Cases*, 534, and cases cited above.

2. The testimony relative to the stairs was improperly rejected. This partial destruction of the premises was a partial eviction, and demands a consequent diminution of the rent, or the erection of a new flight, may be considered as payment *pro tanto* of the rent and note. 2 *Greenl. Cruise*, 102, *and cases cited;* *Partridge vs. D. College*, 5 *N. Hamp.* 286 ; 10 *Wend.* 164 ; *Taylor's Landlord and Tenant*, 150.

June Term, 1853.

Manville vs. Gay & Lee.

*By the Court*, Whiton, C. J. The judge having allowed the defendant below, for the repairs stipulated for in the lease, the only questions arising in the case, are, upon his ruling, by which he excluded testimony offered by the defendant below, at the trial, to prove that certain repairs made by him, to the demised building, and materials furnished therefor, were agreed by the parties to be applied in part payment of the rent; and also, testimony offered by the defendant, to prove that other services performed by the defendant for the plaintiffs intestate, were agreed by the parties to be so applied; and also, that at the time of executing the lease, and when the defendant entered into the possession of the building, there was a flight of stairs upon the outside of said building, which were party stairs of this and an adjoining building, and which were torn down during the occupancy of the building by the defendant, by the rightful removal of the adjoining building; that the stairs afforded the only means of access to the chamber of the building; and that the occupancy of the building was rendered less valuable by the removal of the stairs.

We think the ruling of the judge was correct. The action was assumpsit, on the note given for the rent of the building, and the plea was the general issue simply. The plaintiff in error is quite correct in maintaining that payment can be given in evidence under the general issue, in an action of assumpsit; but we do not think that the testimony offered by the defendant below, tended to prove a payment. It tended to show an agreement on the part of the lessor, to apply the value of certain labor and materials to the payment of the rent for which the note was given, and nothing more. It is not pretended, that the amount

to be applied was agreed upon by the parties; much less, that any application was in fact made by them. To consider an executory agreement, to apply the value of certain services and materials to the part payment of a debt, when the amount to be applied is uncertain and unliquidated, as a payment in fact of the debt, to the amount which the labor and materials shall be proved to be worth, would be, to hold that to be a payment, which is properly the subject of a set-off; and, to prove a set-off, the testimony offered would have been admissible, if the defendant had pleaded it, or given notice of it under the general issue. But without such a plea or notice, the set-off could not be proved. (1 *Chit. Pl.* 605, 606.)

We do not think that the testimony offered to prove the removal of the stairs, tended to show an eviction of the defendant from any portion of the premises demised, so as to entitle him to have the rent apportioned. But, if it was, it is doubtful whether the testimony was admissible under the plea. When the defendant has been prevented from occupying the demised premises, he is not obliged to pay any rent, because the consideration for the agreement to pay the rent has wholly failed. So, for the same reason, when the tenant has been evicted from the entire premises, he is not obliged to pay rent after the eviction. And after an eviction from a portion of the premises demised, he would be liable only to pay rent for that portion which he continued to occupy; and, it would seem for the same reason, that the consideration for his agreement to pay the rent has in part failed. (1 *Greenl. Cruise Dig.*, 102, 103, *note.*)

But a partial failure of consideration cannot be given in evidence under the general issue.

17

JUNE TERM,
1853.

On all the questions raised at the trial, we think the judge's ruling correct.

The judgment must therefore be affirmed.