## HAY vs. CUMBERLAND and LOVE.

Where a party leases to others his "farm *and farm house thereon*," this does not operate as a restriction, so as to exclude the lessees from the right to the possession of other houses on the farm.

The whole farm being let to the lessees, without any exception or reservation of houses, the mere omission to specify two houses thereon, occupied by others, will not amount to a positive exclusion of the lessees from them.

A lease of a farm, consisting of a specified number of acres, embraces all buildings upon the land, whether specified or not.

If the lessor cannot put the lessees in possession of all the land he contracted to give them, the latter are under no obligation to accept a part, and will be justified in abandoning the premises.

A lease of premises, a part of which are held adversely to the lessor, is absolutely void from its inception, as being an act of maintenance; and imposes no obligation upon the lessee.

THIS action was brought to recover $150 for one year's rent of premises near Bull's Ferry, New Jersey. The lease was dated on the 23d of June, 1856, but rent was payable quarterly from the 1st of May previous. The premises leased by the plaintiff were described as " *his farm, and farm house thereon*, containing about one hundred and fifty acres, situated at North Bergen, Hudson county, in the state of New Jersey, near Bull's Ferry." When leased they were held adversely, and the efforts of the parties to obtain possession of two dwellings on the farm, with some inclosed land around them, were unavailing. The defendants, after continuing their efforts for about two months to obtain possession, abandoned the premises, and for this reason resisted the claim made against them *for rent*. The referee to whom the cause was referred made his report in favor of the plaintiff, upon which judgment was entered, for the full amount of rent claimed (after allowing some set-offs for money loaned and expended for his use) and costs. An appeal to the general term was taken by the defendants.

*Van Buren & Robinson*, for the appellants.

*J. Aitken*, for the plaintiff.

CLERKE, J.  This is an action founded exclusively upon a lease or agreement, by which the plaintiff let to the defendants his farm and *farm house thereon*, containing about 150 acres, in New Jersey, for the term of one year from the 1st of May, 1856, for the sum of $150.  It appears by the report of the referee, that, at the time the lease was executed, three houses on the farm, with some portion of the land, were occupied by three different individuals, under claim of title, adverse to that of the plaintiff.  Some kind of proceedings were taken, under which the sheriff put the claimant of the farm house out of possession ; and then the defendants were put into possession of the farm house, and all of the farm, except the stone house and garden, and the small house and garden by the river.  This, of course, must have been some time after the execution of the agreement or lease.  The possession of the stone house, and of the small house near the river, was never delivered to the defendants.  After the defendants were put in possession of what was called the farm house, they voluntarily abandoned possession, in consequence of having been unable to get possession of the other buildings and the land in the use of their occupants.

The referee found in favor of the plaintiff, on the ground, that the term "farm house" operated as a restriction, so as to exclude the defendants from the right to the possession of the other two houses and the land occupied with them.  But, there is nothing in the agreement excepting or reserving these tenements ; the whole farm on which they were situated, was let to the defendants ; and the mere omission to specify the two houses cannot amount to a positive exclusion from them.  Neither does the express mention of the "farm house" imply exclusion from the other tenements.  It was not necessary to specify any houses, in the agreement.  It gave to the defendants the use of 150 acres of land ; and this embraced all buildings upon it, whether specified or not, and of course every part and parcel of the land.  The defendants, therefore, never received the whole of what the plaintiff contracted to give them ; and they

Hay *v.* Cumberland.

were under no obligation to accept a part. They were fully justified in abandoning the premises.

There is another view of this subject, which seems to have escaped the attention of the referee and the counsel. An integral portion of this farm was held adversely to the plaintiff, at the time of the execution of the lease. By the common law, a conveyance to a third party, of land held adversely at the time, is void, as an act of maintenance. (*Co. Lit. book* 3, § 347. *See also notes to section* 701 *of same book.*) A person claiming land, in the adverse possession of another, must reduce his right into possession, before he can alienate it. The common law prevails and has always prevailed, in New Jersey ; and we are not aware that, in this particular, it has ever been altered. We are to presume that it remains. This being the case, the agreement in question was absolutely void from its inception ; and consequently there can be no recovery on it. This action being founded exclusively on this void instrument, necessarily fails.

The judgment should be reversed, with costs.

MITCHELL, P. J. I am satisfied that the lease included the two buildings of which possession was never delivered ; and that therefore the plaintiff cannot recover the whole rent, and the judgment must be set aside, and a new trial granted. Under the circumstances, the plaintiff cannot recover on the lease. He can only recover for use and occupation, and then there should be proof whether by the law of New Jersey one entering as in this case, (say in June,) is considered as holding at will, or for a year, or for a shorter time. The rent agreed on might be considered as evidence of the value of the use, if it had been continued for a year ; and a deduction should be made therefrom for the diminution in value by the loss of the two buildings above mentioned.

PEABODY, J. concurred.

                         Judgment reversed.

[NEW YORK GENERAL TERM, November 2, 1857. *Mitchell, Clerke* and *Peabody,* Justices.]