Field et al. v. Herrick et al.

## MARSHALL FIELD ET AL.
### V.
## LAVINA A. HERRICK ET AL.

| 14 | 181 |
| 41 | 211 |
| 14 | 181 |
| 50 | 418 |
| 14 | 181 |
| 114 | 4421 |

1. LANDLORD AND TENANT—POSSESSION OF PREMISES.—If A leases certain premises of B, but at the commencement of his term a former occupier, C, is in possession, and such possession is rightful, as between such occupier and B, the lessor, so that A can not maintain an action for forcible detainer or ejectment against C, B would be barred of a recovery of the rent from A.

2. REMAINING IN POSSESSION AFTER LEASE EXPIRES—IMPLICATION.— Where there is a lease for a year, and, by the assent of both parties, the tenant continues in possession afterward, then, in the absence of any new agreement, the law will imply a tacit renovation of the former one. Where the lease is for any period less than a year, the holding will be construed as being for another term of the same length of time and, in all cases, as upon the same terms as to the amount of rent and times of payment, unless there be some act of one or both the parties to rebut such an implication.

3. WHERE ACTS REBUT SUCH IMPLICATION.—Where acts are shown which would suffice to rebut the implication of such renewal, but which fall

short of a new agreement, then the tenant would be in the rightful posses-
sion under a tenancy subject to be terminated by thirty days notice in
writing.

4. LEASE WITHIN STATUTE OF FRAUDS.—Where a tenant in possession
of premises, made in December, 1877, an agreement for a new lease of the
premises for at least a year from January, 1878, at a specified rent to be paid
monthly, and such agreement was not in writing, and therefore within the
Statute of Frauds, and the tenant was in possession under such agreement.
*Held,* that while such agreement would be void as to the duration of time,
it would govern as to the amount and time of payment of rent, and as to
notice to quit. Under such agreement providing for the payment of rent
monthly, the lessee would become tenant from month to month, and would
be entitled to thirty days notice in order to terminate said tenancy.

5. INSTRUCTION—AGENCY—RATIFICATION.—Where the evidence clearly
showed that a certain lease was made by a tenant's clerk, without any au-
thority, while the tenant was absent in Europe, and that the landlord's agent
had notice of such want of authority at the time he procured the lease, and
that such lease was not accepted or ratified by said tenant, it was error for
the court to refuse to give an instruction upon those points.

APPEAL from the Superior Court of Cook county; the Hon.
JOSEPH E. GARY, Judge, presiding. Opinion filed March 5,
1884.

This suit was brought below by the Herricks against Field
& Leiter, upon a covenant to pay rent in a lease, dated Feb.
2, 1878, from the former to the latter of a certain store, situ-
ate upon Wabash Avenue, Chicago, designated as numbers
130 and 132, for the term of two years, commencing March
1, 1878; the lessees covenanting to pay as rent therefor, the
sum of sixty-five hundred dollars, payable in specified
monthly installments. The action being covenant, the de-
fendants pleaded *non est factum* and several special pleas, one
of which was in effect, that the defendants were, on and after
said first day of March, the day of the commencement of their
term, kept out of and prevented from taking possession of
said demised premises, by reason and in consequence of said
premises being then and for a long time thereafter in the
possession of one John Cox, as tenant of said plaintiffs, with
a right of possession derived from said plaintiffs, which was
superior to that of defendants, under their said lease, where-
fore they repudiated said lease. Issue having been taken on

Field et al. v. Herrick et al.

that and other special pleas, the case came on for trial before a jury. The plaintiffs, having given in evidence their lease to defendants and computation of the sum claimed to be due, rested on their part.

The defendants proved that Aug. 4, 1877, the plaintiffs made a lease of said premises to Cox, from that date to Dec. 31st same year, at a rental of $1,000 for the term; that Cox paid that sum in advance and took possession; that in December, before the expiration of said term, Cox had determined to go to Europe to buy goods. And he testified that before he went he made an agreement with the agent of plaintiffs for a lease of the premises for a year, from the 1st of the then ensuing January, at a rate of rent agreed upon, payable monthly. It appeared that Cox went to Europe, leaving his store to be carried on by employes, and so continued in possession, after said 1st of January, 1878, and for several months after March 1st, when defendant's term commenced, and that no notice was given him by plaintiffs of the termination of his tenancy; that plaintiffs received rent from him in February, 1878. To meet the point of want of notice, the plaintiffs offered and the court admitted in evidence against the defendant's objection, an instrument purporting to be a lease between plaintiffs as lessors, and Cox as lessee of the said premises, for a term from January 1, 1878, to February 28, 1878, at a rental of $200 for the whole term, payable Feb. 1, 1878. This instrument did not purport to have been made by Cox in person, but by one Blattner as agent. It was not a mere lease, but the instrument contained a variety of severe collateral agreements on the part of Cox, the lessee. It appeared that, at the time of the making said instrument, Cox was absent in Europe buying goods; that Blattner was a clerk in his store, a young man who had not attained his majority; that an agent of the plaintiffs induced him to sign it, Blattner telling him, at the time, that he had no authority from Cox for so doing, and it appeared by uncontradicted evidence that Blattner had no authority from Cox for that purpose. Nor was there any evidence of ratification of Blattner's act by Cox, with knowledge of all material facts,

sufficient to justify the submission of that question to the jury. On behalf of plaintiffs, the court, among others, gave to the jury the following instruction:

4.   " An agent's authority to do an act may be either given in advance, or made sufficient by subsequent ratification. If Cox, with full knowledge of its provisions, accepted the benefit and advantage of the short lease from January 1st to March 1st, signed by Blattner, and paid the rent according to it, he had no right to repudiate its conditions and terms."

On the part of defendants, the court was asked to give the following:

11.   " The jury are instructed that if they believe from the evidence that the lease offered in evidence from plaintiffs to Cox, dated January 3, 1878, and expiring February 28, 1878, was executed by Blattner without any authority from Cox, and that Myers had notice of such want of authority at the time Blattner signed said lease, and that such lease was not accepted or ratified by said Cox, then such lease was not binding upon said Cox, and should not be regarded by the jury in their verdict in this case."

But the court refused to give the same, and no instruction of similar import was given.   There was judgment for plaintiffs for $3,236.68, and defendants bring the record to this court by appeal.

Mr. JOHN H. THOMPSON and Mr. JOHN P. WILSON, for appellants; as to a lessor who has executed and delivered a lease, being bound to give the lessee possession of the demised premises when they are wrongfully withheld, cited Coe v. Clay, 5 Bing. 440; 15 E. C. L. 660; Jenks v. Edwards, 11 Exch. 775; Cozens v. Stevenson, 5 S. & R. 420; Gardner v. Kateltas, 3 Hill, 330; Wood v. Hubbell, 5 Barb. 601; Cleves v. Willoughby, 7 Hill, 83; Hay v. Cumberland, 25 Barb. 594; Trull v. Granger, 8 N. Y. 115; L'Hussier v. Zallee, 24 Mo. 13; Hughes v. Hood, 50 Mo. 350; Andrews v. Woodcock, 14 Ia. 397; Manville v. Gay, 1 Wis. 250; Eldred v. Leahy, 31 Wis. 546; Mason v. Leitz, 36 Ind. 516; Boston v. Jones, 2 Iredell, 350; Gazzolo v. Chambers, 73 Ill. 75.

When a tenant enters upon and occupies premises under a parol agreement which is void or voidable under the Statute of Frauds, he becomes a tenant from year to year or from month to month, and can not be dispossessed without a written notice: Brownell v. Welch, 91 Ill. 523; Doe v. Bell, 5 D. & E. 741; Laughran v. Smith, 75 N. Y. 205; 1 Cruise on Real Property, 277; Thurber v. Dwyer, 10 R. I. 355; Morrill v. Mackman, 24 Mich. 286; Moorehead v. Watkins, 5 B. Mon. 228; Right v. Darby, 1 Term R. 155; Clapp v. Noble, 84 Ill. 62; Taylor's Landlord and Tenant, 7th ed. S. 22.

If a lease is kept out of possession by any act of the lessor, or any person claiming under him, the lessee may treat his lease as at an end, and is not liable for rent under his lease: Hayner v. Smith, 63 Ill. 430; Lynch v. Baldwin, 69 Ill. 210; Leopold v. Judson, 75 Ill. 536; Halligan v. Wade, 21 Ill. 470; Field v. Herrick, 10 Bradwell, 591.

Mr. J. V. LE MOYNE, for appellees; that the guardian alone could make a lease as provided by law and she could not delegate her authority, cited Shouler's Domestic Relations, 435; 2 Kent, 230–3; 2 Perry on Trusts, § 621; 1 Parsons on Contracts, 137.

McALLISTER, P. J.   The authorities all agree that there is a certain obligation on the part of the lessor, implied by law, from the contract of letting real estate for a consideration paid or to be paid as rent by the lessee; but as to the nature and extent of that obligation, there is a clear divergence.   In Gardner v. Keteltas, 3 Hill (N. Y.), 330, it was held that such implied obligation or undertaking did not amount to an agreement to put the lessee into actual possession; that there was no warranty implied against the acts of strangers; and that therefore, if the lessee be kept out by a former tenant whose term had expired, so that he was holding wrongfully, such lessee being entitled to do so, *must* resort to his summary remedy by forcible detainer, and get the party so holding over out of possession and himself in, and has no remedy against his lessor.

In Gazzolo v. Chambers, 73 Ill. 75, our Supreme Court has

expressly affirmed the doctrine of that case. In the former, the opinion was delivered by Nelson, C. J., and he says that he has found no decision, nor has any been referred to, going the length claimed by the plaintiff, viz., that the lessor was bound to put the lessee in actual possession of the demised premises. In the latter the opinion was delivered by Mr. Justice Scott, and he says: "The implied covenant for quiet enjoyment has never, so far as we know, been construed to embrace an obligation on the part of the lessor to place the lessee in possession of the premises. If he is kept out of possession by any act of the landlord, or by one holding a paramount title, no doubt the lessee may have an action." The case of Gardner v. Keteltas, *supra*, was decided a dozen years after the case of Coe v. Clay, 5 Bing. 440; 15 E. C. L. 660, holding a different doctrine; and the very learned and able judge who delivered the opinion in the former case, did not find it, nor was his attention called to it by either of the distinguished counsel engaged in the case. In Coe v. Clay, the defendant had agreed to let to plaintiff certain premises, and the action was for letting him into possession, which a preceding occupier having wrongfully refused to quit, the defendant was unable to do. It was argued that the lessee should have proceeded to get the preceding wrongful occupier out. The court held that, "he who lets, agrees to give possession, and not merely a chance of a law suit." That rule was followed in Jenks v. Edwards, 11 Exch. 775; See, also, Wood v. Hubbell, 5 Barb. Sup. Ct. 601; S. C. 10 N. Y. 479; Hay v. Cumberland, 25 Barb. 594; Trull v. Granger, 8 N. Y. 115; Hussier v. Zallee, 24 Mo. 13; Hughs v. Hood, 50 Mo. 350; Andrews v. Woodcock, 14 Iowa; Manville v. Gay, 1 Wis. 250; Eldred v. Leahy, 31 Wis. 546. In Mason v. Seitz, 36 Ind. 516, the court says: "The placing of the defendants in possession and enjoyment of the real and personal property described in the contract, was a condition precedent to the right of the plaintiff to recover rent." In Posten v. Jones, 2 Iredell's Eq. 350, the lessee was kept out by a paramount title. Ruffin, Ch. J., said: "In every lease of land, the lessor is so far bound by implication for the title and enjoyment by the

Field et al. v. Herrick et al.

lessee, that his right to the rent is dependent thereon.    *    *
The rule is founded on that principle, so consonant to natural
justice, that one should not be compelled to pay for that
which, though contracted for, he never got."

In the case at bar, the defendants, who are here sued for
rent, contracted for the possession of the demised premises,
but which, through no fault on their part, they never got, be-
cause Cox, a former occupier, was in possession, and refused
to quit; according to the English and several American cases
above cited, this action for rent could not be maintained, even
if Cox's possession was wrongful because, as it is held, the
plaintiffs as lessors, were under an obligation, implied by law,
to give the defendants, the lessees, possession, instead of the
chance of a law suit; and the performance of that obligation
would be a condition precedent to their right to the rent.

But according to the other class of cases, such as Gardner
v. Keteltas, 3 Hill, and Gazzolo v. Chambers, 73 Ill., *supra*,
if the possession of Cox was rightful as between him and
plaintiffs, so that defendants could not have maintained an
action for forcible detainer or ejectment against him, the
plaintiffs would, in such case, be barred of a recovery of the
rent.    Was it rightful?    Cox took possession August 4th, and
held under a written lease from plaintiffs, which expired De-
cember 31, 1877; he then held over, up to and months after,
March 1, 1878, the time when defendants' term commenced.
The evidence clearly shows that Cox so held over, after the
expiration of his written lease, with the assent of the plaint-
iffs; that his possession was lawful; that he was a tenant of
plaintiffs, and not a trespasser, under any aspect of the case;
and the plaintiffs were in no position, on the 1st day of March,
1878, to legally require Cox to quit, even if they had not
made the lease in question to defendants.    What was the
relation between plaintiffs and Cox, at the time, in respect to
his possession?    He had held under a written lease running
from Aug. 4 to Dec. 31, 1877, and held over with the im-
plied assent of plaintiffs, his lessors.    Now, it is a general
rule, that where there is a lease for a year, and by the assent
of both parties the tenant continues in possession afterward,
then, in the absence of any new agreement, the law will im-

ply a tacit renovation of the former one. Right v. Darby, 1 Durnf. & East, 159. But the former lease, under which Cox held, was for a period less than a year. In Pickett v. Ritter, 16 Ill. 96, the rule in such case is stated thus: "Where the lease is for any period less than a year, the holding will be construed as being for another term of the same length of time; and in all cases, as upon the same terms, as to the amount of rent and times of payment, unless there be some act of one or both the parties to rebut such an implication." McKinney v. Peck, 28 Ill. 174; Clapp v. Noble, 84 Ill. 62.

The renewal of the former lease between plaintiffs and Cox would have given the latter a term extending over two months beyond March 1, 1878. But if acts were shown which would suffice to rebut the implication of such renewal, but which fell short of a new agreement, then Cox would be in the rightful possession, under a tenancy subject to be terminated by thirty days notice in writing as provided by our statute. Then, if no such notice had been given before said 1st day of March, he was not subject to ouster by any legal proceedings.

There is still another aspect to the case. Cox testified, and was strongly corroborated by circumstances, that in December, 1877, before the expiration of his written lease, he made an agreement with plaintiffs, through their authorized agent, Myers, for a lease of the premises for at least a year from January 1, 1878, at a specified rent to be paid monthly. That agreement may have been within the Statute of Frauds; if not in writing, it clearly was. But even if it were, if Cox was holding under it, such agreement could not be wholly disregarded on the trial of this case. The agreement would be void as to the duration of time, but would govern as to the amount and time of payment of rent, and as to notice to quit. Doe, ex dem. Riggie, v. Bell, 5 Durnf. & East, 471; Laughran v. Smith, 75 N. Y. 205.

Under the decisions in this State, the agreement providing for the payment of rent monthly, Cox became tenant from month to month, and was entitled to the thirty days notice in writing in order to terminate such tenancy. Warner v. Hale, 65 Ill. 395; Brownell v. Welch, 91 Ill. 523.

Field et al. v. Herrick et al.

The evidence affirmatively shows, and there is none to the contrary, that the plaintiffs gave Cox no notice of the termination of his tenancy, and he continued thus in possession until long after March 1, 1878, when defendants should have had possession. In respect to said agreement, the court, at the instance of plaintiffs, gave to the jury this instruction: "Even if the jury believe that E. B. Myers agreed in December, 1877, to give Cox a lease for a new term to begin after January 1, 1878, such agreement was void, not binding on the plaintiffs, and gave no right to Cox to remain in possession, and is no defense in this action, unless after the 1st day of January, 1878, the plaintiffs accepted rent under said agreement."

The evidence clearly shows, and is undisputed, that Myers had authority from the plaintiffs to make such an agreement, and the instruction contains no hypothesis as respects that point. Neither does it contain any hypothesis as to whether the agreement was in writing or not, by its terms to be performed within a year from the time of making. We are, therefore, unable to determine upon what ground the court assumed to tell the jury, as matter of law, that the agreement was void, not binding on the plaintiffs, and gave no right to Cox to remain in possession, and was no defense in the action. If the court so assumed because the agreement was within the Statute of Frauds, the conclusion was, as we have endeavored to show, and as the authorities do show, wrong, and there was a clear misdirection of the jury. If within the Statute of Frauds, Cox's possession under it would be rightful, and he would be tenant from month to month until the plaintiffs terminated that tenancy by the requisite notice. About February 1, 1878, the plaintiffs received from Cox two hundred dollars upon rent accruing after January 1, 1878. There is no doubt but Cox paid it under that agreement, while the plaintiffs undertook to make another application of it. So they sought to obviate the necessity of the thirty days notice, and the effect of such payment of rent, by introducing in evidence an instrument purporting to be a lease from them to Cox, from January 1, to February 28, 1878, at a rental of

two hundred dollars for the term, when the actual rental value was more than double that amount. Looking at the circumstances attending the transaction of bringing that so-called lease into existence, and the apparent motives for the act, we can not but regard it as partaking much more of the character of a poorly disguised juggle, than of an actual agreement, of which voluntary consent, manifested in some manner recognized by law, is an indispensable basis.

The alleged execution of the instrument on the part of Cox was procured by Myers, the agent of the plaintiffs, by inducing Blattner, a young clerk of Cox's, to sign it on his behalf while Cox was absent in Europe purchasing goods, the clerk having no authority from Cox and expressly telling Myers at the time of signing it for Cox that he had no authority to sign it.

The evidence clearly shows that Cox, at no time after being apprised of the act, intended to ratify, but that he did everything possible to repudiate it. The only act on the part of Cox which plaintiffs relied on as tending to show ratification was the payment, February 1, 1878, of two hundred dollars as rent, and which would scarcely cover the rent at the proper rate for January alone. That was paid by his clerk while Cox was absent as above stated. His directions to the clerk were to pay the rent under the agreement for a lease made in December, and he never consented that it might be applied on the so called short lease.

The court below gave plaintiffs' fourth instruction respecting the ratification by Cox of the short lease, but refused the eleventh asked by the defendants, that "If the jury believe from the evidence that the lease offered in evidence from plaintiffs to Cox, dated January 3, 1878, and expiring February 28, 1878, was executed by Blattner without any authority from Cox, and that Myers had notice of such want of authority at the time Blattner signed said lease, and that said lease was not accepted or ratified by said Cox, then such lease was not binding upon said Cox and should not be regarded by the jury in their verdict in this case."

Manifestly that instruction should have been given. For the errors indicated, the judgment of the court below will be reversed and the cause remanded.

Judgment reversed.