After the acquittal of defendant it was made to appear to the court by a certificate of Adams Jerome, counsel for the defendant, that the defendant had witnesses (seventeen in number) duly subpoenaed, and that said witnesses were in attendance and were necessary for the defense of defendant. Said counsel also prepared and presented to the *Page 693 
court an order directing that said witnesses be paid by the (1096) county in such manner and to such extent as is authorized by law for the payment of State witnesses in like cases, but upon reading and considering said certificate and order the court refused to sign the same.
The court found the following facts:
1. That the certificate and order made by defendant's counsel were in compliance with the requirements of the statute and in proper form.
2. That Jordan Collins and Nannie Rogers and five others were witnesses for the defendant on the trial of an indictment for assault and battery, and that the defendant was acquitted by the jury.
3. That Jordan Collins and Nannie Rogers were duly subpoenaed as witnesses for the defendant, were in attendance and examined as witnesses on the trial, and were necessary witnesses for the defense of the defendant, and they attended as such witnesses two days, and have proven and filed their witness tickets with the clerk.
Thereupon the court held as a matter of law that the court had the discretion to refuse to make and file an order in the cause directing that the witnesses be paid by the county, and the court exercised such discretion and refused to sign said order, and defendant excepted.
Said counsel also appeared as counsel for the witnesses, and asked in their behalf that the court make an order directing that they be paid by the county. The court again refused to make such order, and the witnesses excepted.
The defendant and said witnesses, Jordan Collins and Nannie Rogers, excepted to the refusal of the court to make an order directing that the county pay said witnesses, and appealed, assigning such (1097) refusal as error.
The defendant was indicted, tried, and acquitted of the charge of an assault and battery. There was no prosecutor and no person adjudged to pay the costs as prosecutor.
The defendant prayed the judge for an order directing that defendant's witnesses be paid by the county. His Honor, in the exercise of his discretion, refused to make such an order. The exercise of such discretion is not reviewable in this Court. The question is fully considered in S. v.Massey, 104 N.C. 877. This discretion is expressly conferred on the court by The Code, 733.
Affirmed.
Cited: S. v. Hicks, 124 N.C. 832, 835, 838. *Page 694