# CHARLESTON.

KENNEDY *v.* DAVISSON.

Submitted February 1, 1899—Decided April 15, 1899.

46 433
52 272
46 433
55 506
46 433
61 550
61 658

1. SET-OFF—*Pleading—Judgment.*
    A party may plead or not plead a set-off, as he prefers. If he does not do so, the judgment or decree does not affect it. (p. 435).

2. RES JUDICATA—*Set-Off—Executory Contract.*
    If a creditor agree with a debtor that, if a decree shall be rendered for his debt, he will make a settlement with the debtor of demands constituting set-offs against the debt, and allow the debtor credit for the same on the decree, it is only an executory contract to apply the set-offs, and they are not regarded as payments, and the decree is not *res judicata* against them. (p. 435).

3. SET-OFF—*Payment.*
    The distinction between payment and set-off is that a payment is, by consent of parties, express or implied, appropriated to the discharge of the debt, in whole or part. (p. 435).

4. SET-OFF—*Payment.*
    What was at first a set-off may, by agreement of the parties applying it, be transformed into a payment. (p. 435).

5. EQUITY JURISDICTION—*Set-Off—Payments—Executory Contract.*
    An agreement to apply on a debt items of set-off uncertain and unascertained in amount does not make them payments, but is

only an executory contract to apply them, to be enforced by proper proceeding. Equity has jurisdiction to enforce their application upon a decree of sale of lands. (p. 436.)

Appeal from Circuit Court, Barbour County.

Suit by William H. Kennedy against Reuben Davisson. Decree for defendant, and plaintiff appeals.

*Reversed.*

J. Hop Woods, for appellant.

Ira E. Robinson, for appellee.

Brannon, Judge:

William H. Kennedy made a deed of trust upon certain lands to secure his bond to Reuben Davisson for eight hundred and ninety dollars and twenty-eight cents. In 1894 William Robinson, administrator of Solomon Sayer, brought a chancery suit in the circuit court of Barbour County against Kennedy to enforce against Kennedy's lands the lien of judgment in favor of said administrator against Kennedy, making Davisson a party; and in this suit there was a reference to a commissioner to convene the lienors, and report their liens upon Kennedy's lands, and upon such report there was a decree declaring certain debts liens upon Kennedy's lands,—among them, Davisson's debt, —and directing their sale to satisfy such liens. In 1897 Kennedy brought a chancery suit in said court against Davisson to set up certain set-offs against the debt which had been decreed him, and to enjoin the sale under the said decree until such set-offs could be investigated and decreed upon; and, upon demurrer, Kennedy's bill was dismissed, and he has taken an appeal covering both the decree of sale in the Robinson suit and the decree dismissing the bill in his suit.

It is contended that as both Davisson and Kennedy were defendants in the Robinson suit, and filed answers, and gave their own evidence that Davisson's debt was unpaid the decree is a bar against the set-offs sought to be enforced by Kennedy, on the principle of *res judicata.* There is no question that the decree is *res judicata* as to the justness and amount of Davisson's debt on its cause of action. It conclusively makes Kennedy Davisson's debtor to its amount. *Lehman* v. *Hinton,* 44 W. Va. 1, (29 S. E. 948); *Crumlish's Adm'r* v. *Railroad Co.* 40 W. Va. 656, (22 S. E.

90). But that is not the question before us. The question is whether that decree bars Kennedy's set-offs so that he cannot now assert them. They were not pleaded in Kennedy's answer, nor presented before the commissioner, nor was evidence adduced touching them. A party must, when sued on a debt, plead his payments, else they are barred. But while the record would shut out all antecedent payments, total or partial, it does not at all operate upon what are set-offs. A set-off is a distinct demand, the subject of a cross action, not a payment. A man may plead it when sued, or not plead it, and reserve it for a separate suit. If he plead it, the judgment is conclusive upon it. He may withdraw it before trial, but if he does not, and it is disallowed, it is barred by the judgment. 4 Minor, Inst. 707; 1 Bart. Law Prac. 509; 22 Am. & Eng. Enc. Law, 231; Bigelow, Estop. 174. Kennedy's bill alleges that Davisson, before the decree, agreed that the set-offs should be allowed against the debt; and this might induce us to regard them as payments, and so barred and closed by the decree, because "the distinction between a payment and set-off is that a payment is, by consent of the parties, express or implied, appropriated to the discharge to to the debt," whereas a set-off is an independent demand, calling for its own action, which the parties have not applied on the debt. Wat. Set-Off, section 6. What was in its origin a set-off may by agreement become a payment. This would be so in this case, but for the consideration that these set-offs are numerous items, running through years, and the bill, while saying that Davisson agreed to credit them, yet says he promised to have a settlement and allow them. This does show an agreement to apply, but not actual application,— an executory agreement, not an executed one. In *Cary* v. *Bancroft*, 25 Am. Dec. 393, and note, 14 Pick. 315, it was held that an agreement at the making of a note that it should be set off against a note due the maker from the payee (which is not present), so far as the smaller will pay the larger, is executory, and does not, *pro tanto*, extinguish either note. *Doody* v. *Pierce*, 9 Allen, 143 held that an agreement between mortgagor and mortgagee that the former was to work on the land, and that wages should be applied on the mortgage, did not operate as payment until application actually made, though he had earned enough

to pay the whole debt. The same effect, Dehon v. Stetson, 9 Metc. (Mass.) 345; *Gray* v. *White,* 108 Mass, 229; *Manville* v, *Gay,* 1 Wis. 250. In the last case it was held that, the amount of the set-offs being uncertain and unascertained, they were for that reason not payments. That is the case here. I use these cases to show that the claims sought to be set off are only set-offs, not payments, and therefore not precluded by the decree as *res judicata.*

Then is Kennedy entitled to maintain a bill to enforce such set-offs? This is not a bill to get set-offs against a judgment, which could have been pleaded at law, but is a case where a party did not make the defense before the decree, because, as the bill says, Davisson promised to have a settlement, and allow against such sum as might be decreed him the amount of set-offs, and not to enforce the decree during life. The parties' land is to be sold for that debt, and, if the demand of Kennedy is just, it largely covers Davisson's demand, and it seems to me there is no adequate remedy at law. If he waits to get judgment, his land will be gone, and his injury irreparable. Here is a distinct agreement to apply the set-off, and 2 Story, Eq. Jur. section 1435, says that, "if there be an express agreement to set off the debts against each other *pro tanto,* there could be no doubt that a court of equity would enforce specific performance of the agreement, although at law the party might be remediless." So. Wat. Set-Off, section 411; *Raleigh* v. *Raleigh,* 35 Ill. 512. In that case the court said "It is further alleged that it was in fact understood between the parties that one debt should be applied in satisfaction of the other. (If these facts are true and they are admitted by the demurrer), the court is of opinion that they establish an equitable ground for protection against the appellee's demand." In *Doody* v. *Pierce, supra,* the agreement to set off was held executory, and thus as not discharging the mortgage so as to prevent a bill to redeem it, and that the party could file a bill to redeem the mortgage by enforcing that contract. So I decide that the bill shows, so far, a standing in equity.

It is contended that as Kennedy, as a witness in the Robinson case, when asked if the debt or any of it, had ever been paid, answered, "The debt has never been paid," he convicted himself of utter inconsistency with the pre-

tensions of his present bill, and that he cannot get relief, as he comes into equity with unclean hands, and tainted with unconscionable conduct, odious to a court of equity, and therefore equity will deny relief. As his demand was a set-off, not a payment, he could, legally speaking, say that no part of the debt had been paid. Not having filed a set-off, he was not called on to speak of it,—could not do so; and, this being law, we would be going far to make him lose a just defense on this score. We do not intend to indicate any opinion as to the real justness of Kennedy's claim. We only say that, if the averments of his bill are true, they call for a full hearing of his claim.

As to the errors assigned in the sale decree: That was a decree in a separate suit, and decrees in separate suits cannot be united in one appeal. If we were to decide on the assignments of error, the want of Robinson's heirs, he being a mere creditor, as parties, and a discrepancy between the commissioner's report and decree in mere quantity of the tracts, amount to nothing. Decree reversed, demurrer overruled, and remanded.

*Reversed.*