Walter H. Heun, Appellee, v. Louis Hanson, Appellant.

Gen. No. 44,020.

Opinion filed April 21, 1947. Released for publication May 5, 1947.

CLARENCE W. SHAVER, of Chicago, for appellant; LOUIS E. LEVINSON, of Chicago, of counsel.

CARLETON L. BANKER, of Chicago, for appellee.

MR. JUSTICE FEINBERG delivered the opinion of the court.

This is an appeal from a judgment for plaintiff in an action in forcible entry and detainer, to recover the possession of an apartment occupied by defendant. The parties entered into a lease, dated May 1, 1933, for a period of eleven months, the term expiring April 1, 1934. Defendant continued to occupy possession of the premises and to pay the stipulated rental from the expiration of the lease until this action was brought. Pursuant to the provisions of the Emergency Price Control Act of 1942, as amended, plaintiff applied to the Price Administrator for a certificate of authority to evict defendant, and after proper notices such a certificate issued, authorizing the action for possession to be brought at any time after August 4, 1946. After the issuance of the certificate, plaintiff served notice on June 28, 1946, terminating the tenancy on July 31, 1946, and demanding possession. The action was brought on August 13, 1946.

Plaintiff tried this case upon the theory that defendant was a month to month tenant, and, therefore, having secured the certificate of authority to bring the action, all that was required was the service of a 30-day notice of termination. The trial court held that

because the tenancy provided for in the original lease was for less than one year, the holdover after the termination of the original lease constituted a month to month tenancy. In this the trial court was in error.

In *Prickett v. Ritter,* 16 Ill. 96, where the tenancy was for a fixed period of one month, and a holdover occurred after the termination of the original term, the court held that the term being for a definite period, the holdover was for a like period. The court said:

"Where a party enters upon premises under a lease for a year or years, and holds over, it will be construed as an implied agreement for a year, and from year to year. Where the lease is for any period *less than a year,* the holding will be construed as being for another term of the same length of time; and in all cases as upon the same terms, as to the amount of rent and times of payment, unless there be some act of one or both of the parties to rebut such an implication." (Italics ours.)

This rule of law was followed in *Field v. Herrick,* 14 Ill. App. 181, at p. 188. There is no reported decision to the contrary in this State.

 ▮▮  Section 6, chapter 80, Ill. Rev. Stat. 1945 [Jones Ill. Stats. Ann. 72.06], did not change the rule announced in the *Prickett* or *Field* cases but merely provided the notice to be given in holdover tenancies for less than a year. The notice could only be effective at the end of the term of the holdover tenancy, whatever that term may be, and could not at the whim of the landlord be terminated during the fixed term of the holdover tenancy, which in the instant case happens to be eleven months. *Weber v. Powers,* 213 Ill. 370, at p. 385; *Kaylor v. Smith,* 229 Ill. App. 140, at p. 151. It will be noted that the section does not allow for the giving of the notice to terminate *at any time* during the period of the holdover tenancy, and in the light

of the decisions cited must be construed to mean the giving of a notice to be effective at the end of the term of the holdover tenancy. The title to section 6— "Notice to terminate tenancy by the month, etc."—is not a part of the legislative act but supplied by the publisher of the statutes. The session laws for the year 1943 in which this section was amended do not have this title.

■ ■ In the instant case, the holdover tenancy was for a period ending February 1, 1947, and not a month to month tenancy, as held by the trial court. Therefore, the notice of termination of the tenancy was ineffective, and the action must fail.

The judgment of the municipal court is reversed and the cause remanded with directions to enter a judgment for defendant.

*Reversed and remanded with directions.*

O'CONNOR, P.J., and NIEMEYER, J., concur.