Covert v. Nolan.

JOHN COVERT

v.

EDWARD NOLAN.

1.  INSTRUCTIONS MUST BE ACCURATE.—Where there is a serious conflict of evidence, the instructions must be in all material respects unambiguous and accurate, or the judgment will be reversed.

2.  INSTRUCTIONS MUST BE BASED ON EVIDENCE.—It is error to give an instruction that is not based on evidence in the case.

3.  DECEIT.—In an action for deceit in the sale of land, an instruction that if the defendant introduced the witness, Greve, to the plaintiff, and if such introduction was collusively procured by the defendant for the purpose of confirming such deceitful representations, etc., then such representations

by the witness, Greve, would constitute no defense, etc., is erroneous. It assumes that deceitful representations were made by Greve, and also makes the defense to depend upon the purpose of the defendant in introducing the witness, and not upon the truth or falsity of such witness's representations.

APPEAL from the Circuit Court of Cook county; the Hon. KIRK HAWES, Judge, presiding.     Opinion filed May 9, 1882.

This was an action on the case for deceit, brought by appellee against appellant.   The declaration sets out that the defendant procured an exchange of property with the plaintiff by knowingly, falsely and fraudulently representing that defendant's property, situated in Vernon, Wisconsin, was a good stock and grain farm ; that 80 acres were good arable land, and clear of timber, brush, and swamps, and good for tillage ; that 80 acres of said land were fenced with a good rail fence fit to turn stock; that on said lands were good log cowsheds; that said lands were worth the sum of $3,000, and that there was a good log house on the place, of good quality and in a tenantable condition, etc.   The declaration avers that all of said representations were false; that the house was untenantable; that there was not a good fence; that there were only twenty-five acres of arable land, and about eighty acres of swamp, and thirty-five acres covered with brush and stump ; and that the land was only worth the sum of $2,000.

There was a jury trial resulting in a verdict for the plaintiff, for which he had judgment, and the defendant appealed to this court.

Mr. JOSEPH N. BARKER and Mr. W. P. BLACK, for appellant; that the verdict is manifestly against the weight of the evidence, and therefore the judgment should be reversed, cited Booth v. Hynes, 54 Ill. 363; Chicago v. Lavallee, 83 Ill. 482; C. R. I. & P. R. R. Co. v. Dingman, 1 Bradwell, 62; Dunton v. Chamberlain, 1 Bradwell, 363.

An instruction not based upon evidence is erroneous: Howe S. M. Co. v. Layman, 88 Ill. 39; Eli v. Talman, 14 Wis. 28.

Messrs. HYNES, ENGLISH & DUNNE, for appellee; that where the evidence is conflicting, it is for the jury to judge of its

Covert v. Nolan.

weight and preponderance, cited Carpenter v. Ambroson, 20 Ill. 170; Gowen v. Kehoe, 71 Ill. 66.

WILSON, P. J.  This was case for deceit.  The charge in substance is, that appellant (defendant below) knowingly, false ly and fraudulently misrepresented the condition, character and value of a farm owned by him, situated in Vernon county Wisconsin, whereby the plaintiff was induced to buy the same, giving in exchange therefor property in the city of Chicago

The evidence was very conflicting, especially as to the alleged misrepresentations, and the plaintiff's reliance thereon.  The plaintiff testified that appellant represented to him that the farm was in good condition, with 80 acres of good tillable land ready for immediate cultivation, and that when the timber was cleared off, the balance of the 160 acres composing the farm could be tilled; that the farm was divided by a running stream, that there were good cattle sheds, a good log house and a beautiful spring on the place.  That appellee told appellant he would like to go up and see the place before trading, but was induced not to do so by appellant's telling him he was a minister and would not deceive him; that to go would cost him the price of a good cow, etc., and that appellee made the trade, relying upon appellant's representations.  A sister of appellee gave similar testimony.  Appellee also introduced evidence tending to show that the farm was not as represented; that a considerable portion of it was swampy land, unfit for tillage, and that other portions were steep, rocky bluffs.

On the other hand, appellant by himself and several other witnesses, gave evidence tending to show that he fairly and fully represented to appellee the true condition of the farm; that he advised appellee to go up and look at the place before purchasing, which the latter declined to do unless appellant would pay the expense, which he refused to do; that before the trade was finally consummated appellant introduced appellee to Mr. Greve, a former owner of the property, by whom he was fully informed as to its real condition.  Appellee denied having been introduced or ever having met Greve or having any conversation with him.

As the case must be sent back for a new trial, we omit any expression of opinion as to the weight of the evidence. That is a question of fact for the jury under proper instructions. But where the evidence is sharply conflicting, as in the present case, it is important that the jury be accurately instructed as to the law applicable thereto. The Supreme Court, as well as this court, has constantly said that where there is serious conflict of evidence, the instructions must be in all material respects unambiguous and accurate, or the judgment will be reversed. Such a rule is essential to the due administration of justice and should be adhered to.

The plaintiff's fourth instruction was as follows : " If the jury believe from the evidence and all the circumstances attending the transaction, as they appeared from the evidence, that the witness, Greve, was introduced to the plaintiff, and that he was introduced to the plaintiff by said defendant ; and shall further find from the evidence that said introduction was collusively procured by the defendant for the purpose of confirming such deceitful representations; if you find from the evidence such representations were made, then such representations by said Greve would constitute no defense for said defendant," etc.

This instruction is faulty in several respects  First, it assumes that deceitful representations were made by. Greve;  Secondly, it makes the defense to depend upon the purpose or motive of the defendant in introducing Nolan to Greve, and not upon the truth or falsity of Greve's representations. The phraseology of the latter portion of the instruction is somewhat confused, and the meaning not altogether clear, but as we read it, it in effect tells the jury that if Covert collusively procured the introduction for the purpose of confirming his alleged deceitful representations, then the representations made · by Greve, though they may have been true, would constitute no defense. The difficulty with the instruction is that it does not embrace the hypothesis that Greve made any representations. As drawn, its meaning is obscure, and it was quite as ·likely to lead the jury to a wrong as to a right conclusion.

But a still graver fault with the instruction is the want of

evidence upon which to base it.    A careful reading of the bill
of exceptions fails to disclose any evidence showing or tending
to show that the introduction of Nolan to Greve was collusively
procured by appellant for the purpose of confirming his alleged
deceitful representations.    The testimony of Covert, uncontra-
dicted upon that point, is to the effect that he had only a casual
acquaintance with Greve, and he took Nolan to him in order that
Nolan might ascertain what the farm actually was, from the de-
scription of a former owner; and Greve, who, as far as appears,
was a disinterested witness, swears that he described the farm just
as it was in fact.    This is all the testimony on that subject.    The
instruction was therefore liable to mislead the jury by creating
an impression in their minds, that the court thought there was
evidence of collusion.

As to the plaintiff's first instruction, we are of the opinion
that it was substantially correct.    Its design was to inform the
jury as to the nature and kind of evidence by which fraud
may be proven.    It was not directed to the question of a pre-
ponderance of evidence, and the jury could not have inferred
from it that they were authorized to find the existence of fraud
from a consideration of only a part of the evidence.

For the error of the court in giving the plaintiff's fourth in-
struction, the judgment of the court below is reversed, and the
cause remanded for a new trial.

