## Max Weber v. Ordell H. Powers.

### Gen. No. 11,361.

1.   JUDGMENT BY CONFESSION — *when errors in, will not be reviewed.* Where the appeal is not from the judgment, but from the order denying a motion to vacate the same, errors in the judgment itself cannot be reviewed, even though such motion to vacate was made at the term at which the judgment was entered.

2.   MOTION TO VACATE—*what essential to allowance of.* In order to entitle a defendant to the vacation of a judgment entered against him by confession, some legal or equitable reason must be established.

3.   TENANT—*effect of holdover by.* A tenant by holding over after the expiration of his term, paying rent to his landlord in accordance with the terms of the lease, which rent the landlord receives, becomes a tenant for another year, at least, on the terms of the original lease.

4.   TENANT—*what does not. rebut effect of holdover by.* Particular evidence set forth in this case, held, not to show anything in the acts of the parties or any agreement between them manifesting an intention that the tenant was not to hold under the terms of the original lease.

5.   LEASE—*how far, renewed by holdover.* Where a tenant holds over under a written lease, the terms of such lease are renewed even to the extent of the power to confess judgment contained therein.

6.   TENANCY FROM MONTH TO MONTH—*notice essential to terminate.* In order to terminate such a tenancy, the tenant must give to the landlord a thirty days' notice, and the time set therein for such termination must be a time when the tenant has a legal right to quit.

7.   FORM OF JUDGMENT—*when technical errors in, will not reverse.* The fact that a judgment is for damages instead of, technically, in debt, is not ground for reversal.

8.   FORM OF JUDGMENT—*what, sufficient.* Where an attorney at law in executing a power to confess judgment, which runs to any attorney at law, merely recites that he is the attorney in fact of the defendant, that is sufficient, as the court will judicially notice that he is an attorney at law.

9.   JUDICIAL NOTICE—*of what, taken.* Judicial notice will be taken that a particular person is a duly licensed attorney at law in this state.

10. COUNTER AFFIDAVITS—*when use of, cannot be objected to.* Where no objection is raised to the use of counter affidavits, an alleged error in permitting their use cannot be relied upon on appeal.

WINDES, J., dissenting.

Motion to vacate judgment entered by confession. Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Heard in this court at the October term, 1903. Affirmed. Opinion filed June 9, 1904.

Statement by the Court. This is an appeal from a judgment overruling a motion by appellant to vacate a judgment entered by confession in favor of appellee and against appellant. The judgment was entered May 6, 1903, at the May term of the Superior Court. Appellant's motion was made at the May term, 1903, of the court, and May 16, 1903, at said term, the court denied and overruled the motion. In support of the motion appellant's counsel read the affidavit of appellant, which is as follows:

"Max Weber, being first duly sworn, on oath deposes and says, that he is the defendant in the above entitled cause; that on, to wit, the 14th day of May, A. D. 1900, he entered into a lease with O. H. Powers, the plaintiff herein, wherein and whereby the said O. H. Powers demised to this affiant the two-story and basement brick and stone building, known as No. 4346 Forestville Avenue, in the City of Chicago, County of Cook and State of Illinois, for a period of from June 1, 1900, to April 30, A. D. 1902, at a rental of eleven hundred and fifty ($1,150) dollars, payable monthly, at the rate of fifty ($50) dollars per month, as is more fully shown by the copy of the lease attached to the plaintiff's declaration. That before the expiration of said lease on, to wit, the 20th day of April, A. D. 1902, a representative of the firm of Young & Bro., who were then and there the agents of the plaintiff herein in this behalf, and were then and there acting as such, asked this affiant if he wanted to make a new lease of said premises from Nov. 1, A. D. 1902, to April 30, 1904; that this affiant then refused to enter into a new lease for said premises, stating, however, that if the plaintiff herein would make certain repairs on and about said property, to the satisfaction of this affiant, that then in that case, and in that case only, he, this affiant, would execute such lease; that shortly before the expiration of said lease, prior to May 1, 1902, the plaintiff, Powers,

called on this affiant, and asked him whether he would be willing to remain at the rate of fifty dollars per month for rental; that affiant agreed to remain, provided said Powers would make certain repairs, among which were the laying of a walk, and the papering and calcimining of all the rooms and halls of said premises within a reasonable time, and that after the making of said repairs affiant would sign a new lease; that said Powers accepted said proposition, and that this agreement was made during the month of April, 1902; that affiant then remained in possession until the latter part of September, 1902, waiting for such repairs to be made, and paid all the rent to said Powers for all the time this affiant was in occupation of said premises; that said Powers did not make all the repairs as agreed to by him, but attempted from time to time to make a few repairs, and in the latter part of September, 1902, said repairs were not finished, and therefore this affiant during the month of September, 1902, moved out of said premises and at once surrendered the keys to said premises, and the possession thereof to the plaintiff; that affiant vacated said premises because plaintiff herein would not, and did not, fulfill his contract to make repairs, and because of the fact that the premises were in such condition occasioned by the plaintiff herein, that this affiant was deprived of the beneficial enjoyment of said premises.

Affiant further says that said lease expiring April 30, 1902, was never renewed; that no new lease was executed except the verbal agreement above stated, being a tenancy from month to month; that he, this affiant, is not, and at the time of the entry of judgment herein by confession was not indebted to the plaintiff in any sum of money whatever.

This affiant further states that no warrant of attorney was signed by him except the one contained in the lease, which expired on April 30, A. D. 1902, and that he at no time authorized any attorney in any manner to appear for him in above entitled cause and confess judgment.

This affiant further says that he has a good defense to this action upon the merits to the whole of the plaintiff's demand.   He therefore prays that the judgment heretofore entered by confession herein be set aside, and he be given leave to defend said action."

Appellant also put in evidence the lease from appellee to appellant for a term from June 1, 1900, till April 30, 1902.   The rent reserved is $1,150, payable in monthly in-

stallments of $50 each, on the first day of every month, in advance. The judgment is for the sum of $370, $350 of which is for the rent claimed to be due for the months of October, November and December, 1902, and January, February, March and April, 1903, and $20 of which is for attorney's fees. The lease contains the following clause:

"The party of the second part hereby irrevocably constitutes any attorney of any court of record of this state attorney for him, in his name, in default by himself of any of the covenants herein, and upon complaint made by said first party, his agent or assigns, and filed in any such court, to enter his appearance in any such court of record, waive process and service thereof and trial by jury, and confess judgment against him in favor of said party of the first part, or his assigns, for forcible detainer of said premises, with costs of suit; and also to enter appearance in said court, waive process and service thereof, and confess judgment, from time to time, for any rent which may be due to said party of the first part, or the assignees of said party, by the terms of this lease, with costs and twenty dollars attorney's fees, and to waive all errors and all right of appeal from said judgment and judgments," etc.

Appellee's counsel, in opposition to the motion, read in evidence the affidavits of O. H. Powers, the appellee, and Joseph H. Crawford, which affidavits are as follows:

"Ordell H. Powers, being first duly sworn, on oath says that he is the plaintiff in the above entitled cause. That prior to May 1, A. D. 1902, the date of the expiration of the lease between this affiant and the said defendant, Max Weber, being the instrument herein sued upon, this affiant agreed with the said Max Weber that the said defendant Max Weber should remain in possession of the said premises at 4346 Forestville Avenue, in the City of Chicago aforesaid, at the same rental reserved in said lease, namely fifty dollars per month, and upon the same conditions and terms as set forth in the said lease, and this affiant agreed to execute a new lease of said premises upon the same conditions, terms and promises as set forth in said lease. That during the month of August, 1902, and subsequent to the 1st of May, 1902, the said defendant, Max Weber, agreed with this affiant to sign a two-year lease of said premises upon the same conditions, terms and payments as set forth in the said lease expiring April 30, 1902, and that this affi-

ant at the same time agreed to make certain decorations amounting to the sum of one hundred dollars. That such decorations and repairs as requested by the said Max Weber were made, and that said Max Weber and his wife selected all the colors, styles and materials for said decorations and repairs from the firm of F. Hope & Son, of 3821 Cottage Grove Avenue, in the City of Chicago aforesaid, and superintended all of said repairs and decorations, and that said repairs and decorations were completed to the satisfaction of the said Max Weber before the said Max Weber vacated said premises. That at the time said decorations and repairs were made no time was set by the said Max Weber or by this affiant when said decorations and repairs were to be made, but the said Max Weber requested this affiant to permit him and his wife to superintend said repairs and decorations and attend to the same, which they did. That affiant was not aware that the said Max Weber had vacated said premises until he received a letter from the said Max Weber, dated October 11, 1902, a copy of which letter is hereto attached, made a part hereof, and marked 'Exhibit A.' That this affiant called upon the said Max Weber about the 15th of September, at the office of said Max Weber, No. 131 South Clark Street, and the said Max Weber said to this affiant at that time that he would not sign the lease, that he, the said Max Weber intended to vacate said premises at 4346 Forestville Avenue, because the price of coal for heating said house was very high, and that he intended to move into a steam-heated apartment and save the expense of heating said house. That said Max Weber never complained to this affiant that any of the repairs and decorations done by this affiant were not as he, this affiant, had agreed to do, and the said Max Weber never made any complaint as to the sufficiency and extent of said repairs and decorations, but on the contrary, expressed to this affiant his entire satisfaction with the same. That this affiant is informed and believes that the said Max Weber did not vacate said premises until October 1, A. D. 1902. That when said Max Weber abandoned the premises at 4346 Forestville Avenue, he, the said Max Weber, neglected to lock the same, but left the front door unlocked and did not close up said building."

The following is a copy of the letter which was attached to the affidavit of O. H. Powers:

"WEBER BROTHERS,
131 South Clark Street.

CHICAGO, OCT. 11, 1902.

O. H. POWERS, 2 Madison Park.

DEAR SIR: We wish you would call and get keys for 4346 Forestville. Have had them ready for you since Monday. Call at 4404 Prairie Avenue, and you will find.

Respectfully yours,

M. WEBER."

Appellee's counsel also offered and read in evidence in opposition to said motion the affidavit of Joseph A. Crawford which is in words and figures as follows:

"Joseph A. Crawford, being first duly sworn, on oath says, that he is engaged in the business of decorating; that he is foreman of the firm known as F. Hope & Son, whose place of business is at 3821 Cottage Grove Avenue, Chicago, Illinois. That this affiant was given the order to make certain decorations and repairs on the premises known as 4346 Forestville Avenue, in the city of Chicago, Illinois, in the latter part of May, 1902; the cost of said repairs and decorations to be one hundred dollars. And this affiant did make such decorations and repairs as were agreed upon by Ordell H. Powers, the above named plaintiff, and Max Weber, the above named defendant; and that the wife of said Max Weber selected all the colors, styles and materials for decoration and repairs from the firm of which this affiant was foreman, and superintended all of said repairs and decorations, and that said repairs and decorations were completed to the satisfaction of the said Max Weber before the said Max Weber vacated said premises. That at the time said decorations and repairs were made, no time was set either by the said Max Weber, nor by said Ordell H. Powers, owner of the said premises, when said decorations and repairs were to be made, but the said Max Weber requested this affiant to permit him and his wife to superintend said repairs and decorations, and attend to the same, which they did. That this affiant finished all the above mentioned repairs and decorations before the 20th of August, 1902, on the above mentioned premises."

KRAUS, ALSCHULER & HOLDEN, for appellant.

JULE F. BROWER and SAMUEL B. KING, for appellee.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

Counsel for appellant contend that the motion to vacate the judgment having been made at the term at which the judgment was rendered, errors, if any, in the judgment may be reviewed on this appeal. The law is to the contrary. The appeal here is not from the judgment, but from the order denying the motion to vacate the judgment. In Mumford v. Tolman, 157 Ill. 258, 265, the court say: " In the argument of counsel for appellant on the first three objections to the judgment they seem to lose sight of the fourth, viz., that the courts passing on such motions exercise an equitable jurisdiction, and argue the case as though this was an appeal from the judgment itself. The question, on motion to vacate a judgment entered by confession, is not whether the judgment shall be set aside for errors of law, but whether there are equitable reasons why it should be opened up to let in a defense. Knox v. Winsted Savings Bank, 57 Ill. 330; Hansen v. Schlesinger, 125 Ill. 230." See also, to the same effect, Goergen v. Schmidt, 69 Ill. App. 538, and State Bank of Freeport v. Blake, 73 ib. 166, 173, and cases cited. In addition it may be said that by the cognovit, warranted by the power of attorney, errors, if any, in the judgment have been released. Carpenter v. First Nat'l Bank, 119 Ill. 352, 356, and cases cited. In view of these authorities the question to be decided is, whether the court erred in holding that there is no equitable reason for vacating and setting aside the judgment. It was incumbent on appellant to show to the court such equitable reason, if any exists. It appears from his affidavit that he remained in possession of the premises five months after the expiration of his term, and paid, during that time, rent to appellee in accordance with the terms of the lease. A tenant by holding over after the expiration of his term, and paying rent to his landlord, in accordance with the terms of the lease, which rent the landlord receives, becomes tenant for another year, at least, on the terms of the original lease. In such case the law implies

a continuance of the tenancy, under the terms of the lease. Clinton Wire Cloth Co. v. Gardner, 99 Ill. 151. Appellant's counsel, however, contend that the agreement between the parties manifested the intention that appellant was not to remain in possession of the premises, under the terms of the old lease, or, in other words, that the agreement between them manifested a contrary intention. Counsel, in support of this contention, rely on certain instructions given by the trial court in the case last cited, of which the Supreme Court, on appeal, said the appellant had no just ground to complain; and on certain language of the latter court in reference to the case of Crommelin v. Theiss & Co., 31 Ala. 412. The Alabama court, in that case, said that the new parol contract might, although void, be looked to to explain the intention of the parties, and that it was materially different from the original lease, in that it did not, like the original lease, provide for quarterly payments, and said: "The new contract, thus made, and thus differing from the original lease, destroys the implication of the renewal of the original lease, from an unexplained holding over." The Supreme Court, in the Gardner case, say, in reference to the implication from holding over : "Of course that is not to prevail against the contrary intention manifested by the acts of *both* parties, landlord and tenant." Is there anything in the acts of the present parties, or in any agreement between them, manifesting an intention that appellant was not to hold under the terms of the original lease? .It was for the trial court to determine this question on the evidence presented. Appellant, in his affidavit, says that " shortly before the expiration of said lease, prior to May 1, 1902, the plaintiff, Powers, called on this affiant and asked him whether he would be willing to remain at the rate of fifty dollars per month for rental; that affiant agreed to remain, provided said Powers would make certain repairs," etc., stating what repairs he wanted, and that they were not made, etc. There is certainly nothing in this inconsistent with appellant continuing as appellee's tenant, under the terms of the old lease. Appellee,

in his affidavit, says that " prior to May 1, A. D. 1902, the date of the expiration of the lease between this affiant and the said defendant, Max Weber, being the instrument herein sued upon, this affiant agreed with the said Max Weber that the said Max Weber should remain in possession of the said premises at 4346 Forestville avenue, in the city of Chicago, aforesaid, at the same rental reserved in said lease, namely, fifty dollars per month, and upon the same conditions and terms as set forth in the said lease, and this affiant agreed to execute a new lease of said premises, upon the same terms and promises as set forth in said lease." Powers proceeds to state, in substance, that in August, 1902, appellant agreed with him to sign a two-year lease of the premises, on the same conditions, terms and payments as set forth in the original lease. The facts thus stated clearly manifest no intention that appellant was not to hold under the terms of the expired lease. Had the agreement been carried into effect, the liability of appellant would have been the same as that he now seeks to escape.

Appellant claims that the repairs which appellee agreed to make were not finished in September, 1902, when he says he removed from the premises; but appellee deposed that they were all made, and Crawford deposed that they were all finished in August, 1902. Also, it appears from appellee's affidavit, without contradiction, that appellant never made any complaint in respect to the repairs, but, about September 15, 1902, stated to appellee that he would not sign a lease, and that he intended to vacate the premises, because the price of coal for heating the premises was so high, and that he intended to move into a steam-heated apartment and save expense. We are inclined to the view that appellant never intended to sign any new lease; but that his intention was to continue in possession of the premises, on the terms of the original lease, until such time as he might find it convenient to quit, acting under the mistaken impression that his liability would cease on his quitting the premises. He retained possession

for five months, and until the renting season had passed, and abandoned the premises without any legal reason or excuse, and we think the trial court was fully warranted in holding that there was no equitable ground for vacating the judgment.

Counsel for appellant object that the declaration is in debt, and the judgment for damages only; that the judgment recites that appellant confessed judgment by his attorney *in fact*, whereas the warrant of attorney runs to an attorney at law; and that counter affidavits are inadmissible in case of a motion to vacate a judgment. If this were an appeal from the judgment, which it is not, the fact that the judgment is for damages, instead of technically in debt, would not be cause for reversal. Italian-Swiss, etc., Co. v. Pease, 194 Ill. 98, 108. The cognovit recites: "And the said Max Weber, defendant in the above entitled case, by Otis King Hutchinson, his attorney, comes," etc. This is the usual form and is sufficient. The court will take notice that Mr. Hutchinson is a licensed practicing attorney of this state. Besides, there is no inconsistency in appellant's attorney at law being also his attorney in fact. The bill of exceptions shows no objection to the reading of counter affidavits in evidence, nor is the admission of such affidavits assigned as error; therefore, the question of their admissibility is not presented for decision. Counsel cite Smith v. Pringle, 100 Penn. St. 275, apparently in support of the contention that the provision in the lease authorizing confession of judgment has no application in the present case. That case is not in the least applicable. If appellant was holding over in accordance with the terms of the original lease, in other words, if his holding over was a continuance of the tenancy, then the authority to confess judgment, which is a security to the landlord and an important provision of the lease, is as applicable as the covenant to pay rent, or any other provision or term of the lease. If it should be conceded that there was a new agreement between the parties inconsistent with the legal implication arising from appellant's holding over, then appellant, while

Weber v. Powers.

holding over, was a tenant from month to month, and, in order to terminate the tenancy, a thirty days' notice from appellant to appellee was necessary. Field v. Herrick, 14 Ill. App. 181, 188. It appears in the statement of that case that there was an agreement for a new lease materially different from the original one in its terms. The notice from the tenant must be a thirty days' notice of the time when the tenant will quit, and the time set must be a time at which the tenant would have legal right to quit. 2 S. & C.'s Stat., 1894, p. 2504, sec. 3; Covert v. Nolan, 10 Ill. App. 629. A notice from a tenant to terminate a monthly tenancy should name the last day of the current month of the tenancy as the quitting time. 2 Taylor on Landlord and Tenant, 8th ed., sec. 477; Wood's Landlord and Tenant, secs. 40 and 41. No such notice, as required by law, is shown to have been given by appellant. Appellant's counsel cite Little v. Dyer, 138 Ill. 278, as authority for the proposition that, if evidence other than the lease is necessary to connect the claim sued for with the warrant to confess judgment, judgment cannot be confessed. The case has no application here. In that case the amounts paid by the lessor for water rates and gas bills, and for keeping the premises in a clean and healthy condition, which were unliquidated, were made, by the lease, additional rents, thus requiring a judicial investigation to determine what the rent was. In the present case the rent is fixed by the lease itself. The judgment in this case was rendered in term time, by the court, and the same presumptions will be indulged in support of it as in the case of ordinary judgments of superior courts of general jurisdiction. Bush v. Hanson, 70 Ill. 480; Hansen v. Schlesinger, 125 Ill. 230.

The judgment of the court denying the motion to vacate the judgment by confession will be affirmed.

*Affirmed.*

WINDES, J.: I cannot agree to an affirmance of this judgment. The affidavits clearly show there was a new verbal

agreement between the parties, and not a holding over under the terms of the original lease. This new agreement is void under the Statute of Frauds, and appellant should have been allowed to plead.