## Peoria Hotel Company, Appellant, v. Bernice Oliver, Appellee.

### Gen. No. 6,555.

1. LANDLORD AND TENANT, § 479*—*when landlord is entitled to 30 days' notice of termination of tenancy.* The rights of the landlord and tenant as to the requirement of Rev. St. ch. 80, sec. 6 (J. & A. ¶ 7044), of 30 days' notice to terminate a tenancy from month to month, or for any term less than one year, where the tenant holds over without special agreement, are equal, and the landlord is entitled to such notice upon termination of the tenancy by the tenant.

2. LANDLORD AND TENANT, § 479*—*when holding over after termination of tenancy is essential to require notice to landlord of termination.* Under Rev. St. ch. 80, sec. 6 (J. & A. ¶ 7044), referring to termination of a tenancy from month to month, and providing that "in all cases of tenancy by the month, or for any other term less than one year, where the tenant holds over without special agreement, the landlord shall have the right to terminate the tenancy by thirty days' notice, in writing," in cases of tenancy from month to month, where there is no special agreement to extend the tenancy, there must be a holding over by the tenant to entitle the landlord to notice.

Appeal from the County Court of Peoria county; the Hon. CHESTER F. BARNETT, Judge, presiding. Heard in this court at the April term, 1918. Affirmed. Opinion filed July 25, 1918.

CLARENCE W. HEYL and HARRY C. HEYL, for appellant.

QUINN & QUINN, for appellee; FRANK J. QUINN and CHARLES V. O'HERN, of counsel.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

In this case the appellee, Bernice Oliver, entered into a verbal agreement on or about September 15,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

1917, with the appellant, Peoria Hotel Company, by which she became appellant's tenant, and occupied a salesroom situated in appellant's hotel building on North Jefferson avenue, in the City of Peoria, during the month of October, 1917.  The rent agreed upon by the parties was $50 per month, which the appellee paid for the month during which she occupied the premises. It is practically conceded that no agreement was made to occupy the premises leased by her for a longer period than one month, and that there was no holding over by the appellee after the expiration of the month for which she had paid the rent.  Appellant claims that in the absence of an agreement to lease the premises involved, for a definite period less than a year, the payment of the rent agreed upon for one month, and the occupation of the premises for that month, created a tenancy from month to month, and that it was therefore entitled to 30 days' notice from the appellee to terminate the tenancy, which was not given.  The appellant brought suit to recover the rent claimed to be due for the month of November following, and the case was tried in the County Court of Peoria county. The trial resulted in a verdict and judgment for the appellee, from which this appeal is prosecuted.

The vital question in the case is whether the tenancy of the appellee was for one month only, or a tenancy from month to month, under which the appellant was entitled to 30 days' notice.  Section 6 of chapter 80 of the Revised Statutes (J. & A. ¶ 7044) concerning landlord and tenant, which has reference to the termination of a tenancy from month to month, provides that: "In all cases of tenancy by the month, or for any other term less than one year, where the tenant holds over without special agreement, the landlord shall have the right to terminate the tenancy by thirty days' notice, in writing." The rights of the landlord and the tenant, as to the requirement of 30 day's notice

to terminate the tenancy, have been held to be equal. *Donohue v. Chicago Bank Note Co.,* 37 Ill. App. 552; *Weber v. Powers,* 114 Ill. App. 411. There is no question, therefore, that the landlord, under the statute referred to, was entitled to 30 days' notice from the tenant, if a tenancy from month to month was created by the agreement of the parties. We are of opinion, however, that under the statute in cases of tenancy by the month, where there is no special agreement to extend the tenancy, there must be a holding over by the tenant to entitle the landlord to the notice. In other words, the holding over, after the expiration of a month, where there is no agreement to hold over, is a necessary element to the requirement of a 30 days' notice. This is the construction which the Supreme Court placed upon the Act of 1861, which is identical with the one now in force. In the case of *Secor v. Pestana,* 37 Ill. 525, the court expressly held that the 30 days' notice in a tenancy by the month is only required where the tenant holds over without special agreement; and in *Dunne v. Trustees of Schools,* 39 Ill. 578, the court, in discussing the 30 days' notice requirement, uses this language: "This has express reference to a tenant holding over after his term is ended, and running into another term, from which an implication would arise of a leasing for another term of the same duration as the first. As if a tenant by the month holds over so long into the succeeding month as to give rise to the presumption of a leasing for that month, he is entitled to 30 days' notice." This tenant did not hold over the term of one month, for which she paid the rent, and there was no agreement to rent it for a longer period than one month, hence the tenancy in this case can be regarded only as a tenancy for the month of October, for which the rent was paid.

We conclude, therefore, that the appellant did not have any legal right to recover rent for the following

month of November, and the verdict and judgment was right and is affirmed.

*Judgment affirmed.*