Ewald O. Hoefler, Appellee, v. Roy C. Erickson, Appellant.

Gen. No. 43,994.

Opinion filed June 4, 1947. Released for publication June 19, 1947.

JOHN D. O'CONNOR, of Chicago, for appellant.

BENJAMIN MEISTER, of Chicago, for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

Winifred Carmody rented the bungalow at 5841 North Forest Glen avenue, Chicago, owned by her, to Roy C. Erickson, for occupancy as a dwelling by him and his family. The occupancy was under successive written leases, the latest dated March 11, 1944, for the term commencing May 1, 1944, and expiring April 30, 1945, inclusive, at a rental of $55 per month, payable in advance. On March 26, 1945 the landlord

served notice on the tenant that she intended to sell or occupy the bungalow; that she would not renew the lease; and that if no demand was made for the premises prior to May 1, 1945 and he elected to remain as a tenant on a month to month basis, he could do so. No demand was made prior to May 1, 1945 and starting then Erickson continued his occupancy as a month to month tenant.

In January 1946 the property was sold to Ewald O. Hoefler. On April 6, 1946, pursuant to an application by Mr. Hoefler, the rent director of the Office of Price Administration issued a certificate authorizing him to pursue his remedies for the eviction of the tenant in accordance with the requirements of the local law. The purpose for which the eviction of the tenant was authorized was to permit the ''use and occupancy of petitioner.'' On July 16, 1946 Hoefler filed a statement of claim in the Municipal Court of Chicago, asserting that he is entitled to the possession of the premises which Roy C. Erickson unlawfully withholds from him. A trial before the court and a jury of six resulted in a verdict for the defendant. At the close of all the evidence, plaintiff moved for a directed verdict. The court reserved its decision on the motion. Following the return of the verdict, the court allowed the motion and entered judgment for possession in favor of plaintiff. Defendant appeals.

Plaintiff and defendant were the only witnesses. The court received in evidence a notice signed by plaintiff and addressed to defendant dated May 29, 1946, stating that ''it is my desire to have again and repossess'' at the expiration ''of the present term of occupancy on July 10th, 1946'' the premises which ''you now hold as a tenant under me from month to month.'' Attached to the notice is an affidavit by plaintiff made before a notary public on June 1, 1946, that he served the notice by delivering a true copy thereof on May 31, 1946. Attached also is an affidavit

by Clifford C. Elger, dated June 1, 1946, that he served a true copy of the notice upon the Office of Price Administration by mailing such a copy on May 31, 1946. Plaintiff testified that he served the notice on defendant on May 31, 1946. Defendant testified that the notice was served on the afternoon of June 3, 1946.

The trial resulting in the judgment appealed from was the second trial of the case. In the first trial, conducted early in August 1946, the jury also found for the defendant. The court granted a new trial. On August 27, 1946, which was subsequent to the first trial and before the allowance of a new trial, plaintiff served on defendant a notice that ''your tenancy'' of the premises ''will terminate on the 30th day of September, 1946, and that you are now hereby required to surrender possession of said premises to me on that day.'' This notice further stated that if defendant did not vacate the premises on or before September 30, 1946, proceedings for his eviction would be filed. In the second trial (October 2, 1946) the court refused to receive in evidence the notice of August 27, 1946, offered by defendant. Plaintiff received from defendant a check signed by the latter and drawn on the North Shore National Bank of Chicago, dated August 2, 1946, for $110, with the words plainly written on the face thereof, ''July and August 1946 rent.'' The check bears the indorsement of plaintiff and shows that the $110 was paid to plaintiff on August 9, 1946.

In the second trial plaintiff testified that he cashed defendant's check on August 9, 1946; that he accepted the rent for July and August after the first trial; and that subsequent to the granting of the new trial he ''returned the rent'' to defendant. There was testimony that a check from plaintiff was received by defendant a week or two before the second trial. Defendant testified that he did not cash this check and

that he mailed it back to plaintiff "immediately." At the request of plaintiff defendant produced his copy of the notice dated May 29, 1946. Plaintiff's attorney called attention to a penciled notation thereon reading, "31st day of" and asked defendant if that was his handwriting, to which he replied in the negative. To the further inquiry whether he knew whose handwriting it was, defendant replied that his attorney, Mr. Moore, "just told me it was his." To the question whether witness saw a penciled notation on the notice reading "Received June 1," he answered in the affirmative. Asked whether he knew in whose handwriting that notation was, he answered that "it looks like the same person who wrote" the other notation. The copy served on defendant of the notice of May 29, 1946 was received in evidence as an exhibit for plaintiff. Attorney Moore stated that he would like to take the stand to explain the notations on the exhibit. On objection of the attorney for plaintiff the court declined to permit attorney Moore to testify.

On a motion to direct a verdict against a defendant the court must view the evidence in its aspect most favorable to the defendant, together with all reasonable inferences to be drawn therefrom, and it is reversible error to grant such a motion where the evidence, so viewed, tends to establish facts presenting a defense. In such a situation it is the duty of the court to submit the issue or issues to the jury. Should the trial judge find, in the exercise of a reasonable discretion, that the verdict of the jury is against the manifest weight of the evidence, he should, on a proper motion, grant a new trial. In the instant case there is a conflict in the testimony as to whether notice to terminate the tenancy and for possession was served on May 31, 1946 or on June 3, 1946. This presented a factual issue for the determination of a jury. Commencing with the month of May 1945, defendant

became a tenant from month to month. Under Section 6 of the Act in relation to landlord and tenant [Ill. Rev. Stat. 1945, ch. 80, par. 6; Jones Ill. Stats. Ann. 72.06] the landlord was required to give 30 days' notice in writing before he could terminate the tenancy and maintain an action in unlawful detainer. It is clear that the tenancy ran from the first day of the month to the last day of the month, inclusive. A notice served on June 3, 1946 could not terminate the tenancy at midnight on June 30, 1946, as it would not give the tenant the 30 days required by the statute.

In Taylor's Landlord and Tenant, Sec. 477, the author says: "If a particular day is named in the notice, it must be the day of, or corresponding to, the conclusion of the tenancy, and not to its commencement; for if the latter day is named, the possession of the tenant for a new term has begun, and if this be for a time, however short, his holding must continue until it is determined by a new notice." In *Necros v. Tedtman*, 238 Ill. App. 220, it was stated that the court in *Kaylor v. Smith*, 229 Ill. App. 140, regarded the case of *Bedell v. Clark*, 151 Ill. App. 419, as merely holding that the notice there considered was insufficient upon which to base a suit commenced on the day the notice required surrender of the premises; but it was further stated that the opinion in the *Bedell* case seems to have gone further than that, and is more in consonance with the general rule that a tenancy from month to month expires at midnight on the last day of the month, and that notice should call for vacation of the premises on that date, although the tenant has the right of occupancy to the very end at midnight, and the landlord the right of occupancy on the next day; but that, notwithstanding this rule, it is better reasoning to hold that the tenant cannot take advantage of a mere technical violation of the rule in the giving of an additional day in which to

vacate, and that the giving of that day does not constitute consent of the landlord to holding over for another month.

Assuming, *arguendo*, that the notice was served on May 31, 1946, we are of the opinion that it was ineffectual to terminate the tenancy at midnight on June 30, 1946. Although called a notice to terminate tenancy, it does not in so many words terminate the tenancy. The termination date mentioned is July 10, 1946. A new monthly tenancy had commenced on July 1, 1946. As stated in the *Bedell* case, it is the holding over and paying the same rent, without further agreement, that creates a tenancy from month to month. The rights of the landlord and the tenant as to the requirement of 30 days' notice to terminate the tenancy are equal. See *Peoria Hotel Co. v. Oliver*, 211 Ill. App. 650. We assume that plaintiff worded his notice so as to attempt to terminate on July 10, 1946 because the certificate from the rent control office specified that action to evict the tenant "shall not be commenced sooner than six months after January 10, 1946." The rent control office did not attempt to pass upon the merits of the case. It merely authorized plaintiff to pursue his remedies in accordance with local law. Under the certificate he could serve the notice in accordance with the law of Illinois, giving 30 days' notice prior to the commencement of what otherwise would be the new term and withholding the filing of his action in unlawful detainer until six months after July 10, 1946.

There is another reason why plaintiff cannot prevail. Following the commencement of the action, he accepted defendant's check as the rent for July and August 1946. In *Bernstein v. Weinstein*, 220 Ill. App. 292, the court said (296):

" 'The acceptance of rent, as rent, for any time subsequent to the expiration of the notice was an admission of the continuance of the tenancy and a waiver of the notice; so that the plaintiff cannot recover.' "

Our view is that the court erred in not permitting defendant to introduce the notice of August 27, 1946. This notice states that defendant's "tenancy" will terminate on September 30, 1946. This was the recognition of a tenancy which would terminate on September 30, 1946. Under the factual situation, the giving of the second notice constituted a waiver of the previous notice.

With respect to the refusal of the trial court to permit attorney Moore to testify, we call attention to the rule that an attorney called upon to give material testimony in a case with which he is connected should withdraw from the case, but that the fact that he does not do so does not affect the competency of his testimony, but only the weight to be accorded thereto. *Nix v. Thackaberry*, 240 Ill. 352; *Bishop v. Hilliard*, 227 Ill. 382; *Onstott v. Edel*, 232 Ill. 201. The court should have allowed the verdict of the jury to stand. In view of the ineffectiveness of the notice, the recognition of the tenancy by the acceptance of the rent as rent for July and August, and the like recognition by the giving of the subsequent notice, the judgment of the Municipal Court of Chicago is reversed and the cause is remanded with directions to enter judgment for the defendant and against plaintiff for costs.

*Judgment reversed and cause remanded with directions.*

LEWE, P. J., and KILEY, J., concur.