Lindem v. Sauerland, 206 Ill. App. 15.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1193*—*what is effect of stipulation on questions reviewable.* Where, on a hearing before the court, the parties expressly stipulate the questions to be decided, on a writ of error to reverse the judgment other questions are not properly before the Appellate Court.

2. COURTS, § 69*—*when plea to jurisdiction is waived.* A plea to the jurisdiction is waived by defendant by filing his answer and contesting the case on the merits.

3. ATTORNEY AND CLIENT—*what services are subject of attorney's lien.* On a petition by plaintiff's attorney to enforce an attorney's lien against defendants, the amount which may be claimed is not limited to the fee for services rendered in obtaining the judgment, but may also include services rendered during the ninety-day period in which the execution was stayed by the filing of a stay bond by defendants, which services looked to the payment of the judgment.

4. ATTORNEY AND CLIENT, § 127*—*when judgment for attorney's fees is not excessive.* On a petition by plaintiff's attorney to enforce his attorney's lien against defendants, a judgment for petitioner for $175, *held* not excessive in view of the services rendered.

---

## Marian S. Lindem, Defendant in Error, v. Katharina Sauerland, Plaintiff in Error.

### Gen. No. 22,072.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN R. CAVERLY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed. Opinion filed May 31, 1917.

### Statement of the Case.

Action by Marian S. Lindem, plaintiff, against Katharina Sauerland, defendant, to recover money alleged to be due. To reverse a judgment for plaintiff for $425.18, defendant prosecutes this writ of error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ZACH HOFHEIMER and ARTHUR CLEMENTS, for plaintiff in error.

P. E. O'NEIL, for defendant in error.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

## Abstract of the Decision.

1. ATTORNEY AND CLIENT, § 10*—*when evidence shows attorney to be acting in interests of third person.* Evidence *held* to show that in giving to defendant a receipt in full of plaintiff's claim the attorney by whom such receipt was given was not acting in the interests of plaintiff but of defendant, and that plaintiff was not bound thereby.

2. ATTORNEY AND CLIENT, § 10*—*right to represent adverse litigants.* Attorneys at law cannot accept employment from adverse litigants at the same time and in the same controversy.

---

## Charles B. Travis, Defendant in Error, v. George F. Leibrandt, Plaintiff in Error.

### Gen. No. 22,095.　(Not to be reported in full.

Error to the Municipal Court of Chicago; the Hon. JOHN COURTNEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed. Opinion filed· May 31, 1917.

## Statement of the Case.

Action by Charles B. Travis, plaintiff, against George F. Leibrandt and the Lincoln State Bank of Chicago, a corporation, defendants, to recover $111. The case was tried before the court without a jury and, after evidence was introduced, plaintiff dismissed

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.