Robert M. Davidson, Appellee, v. Lloyd C. Whitman, Appellant.

Gen. No. 44,360.

Opinion filed January 26, 1949. Rehearing denied February 11, 1949. Released for publication February 15, 1949.

JOHN B. KING, of Chicago, for appellant; LLOYD C. WHITMAN, *pro se,* of counsel.

LAWRENCE W. RYAN, of Chicago, for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

Robert M. Davidson filed a complaint in forcible detainer in the municipal court of Evanston against Lloyd C. Whitman for the possession of the north half of a double house and a one car garage at 1034 Michigan avenue, Evanston. A trial before the court resulted in a judgment of restitution. Defendant appeals. The case was tried on the following stipulation:

"By oral stipulation between the parties hereto, made by their respective attorneys of record herein, the following facts were agreed upon and admitted not to be in dispute. (a)—On June 25, 1947, plaintiff, through his authorized agent in that behalf, served upon the defendant the certain following notice of termination: 'Lloyd C. Whitman, 1034 Michigan Ave., Evanston, Illinois. You will please take notice that I

have elected to and hereby do terminate your tenancy of the premises which you now hold of me, situated in the City of Evanston in the County of Cook and State of Illinois, described as follows, to-wit: North half of double house at 1034 Michigan Avenue, including one-car garage situated in the City of Evanston, in the County of Cook, and State of Illinois, such termination to take effect on the 30th day of September, A. D. 1947; and you are hereby required to quit and deliver up to me possession of said premises on that day. Dated at Evanston, Illinois, this 18th day of June, A. D. 1947. Robert M. Davidson.' (b)—Plaintiff is and has been continuously since January 1946, the owner of the premises described in said notice of termination. (c)—Defendant is in possession of said premises and refuses to surrender possession thereof. (d) —Defendant originally took possession of said premises from plaintiff's grantor under an undated written lease for a term of one year from October 1, 1943, to September 30, 1944, both inclusive, rent payable monthly between the first and tenth of each month; upon the expiration of said written lease defendant became, by operation of law and the occurring facts, a tenant from year-to-year of said premises to and including September 30, 1947, continued in possession of the same and has duly paid in full his rent to and including his rent for the month of September 1947, until plaintiff became the owner to plaintiff's grantor and since to plaintiff. No evidence was taken or offered, but leave was asked and given by the court to the parties to file briefs. Accordingly, both parties filed briefs on Tuesday, October 21, 1947. It was further agreed between the parties hereto, by their respective attorneys of record, that the plaintiff, owner, was seeking possession of the premises for his own use and occupancy in compliance with the regulations pertaining to eviction, as provided by the Office of the Housing Expediter, Office of Rent Control. The only

question presented to the court was a question of law, and that was: 'Whether or not, the notice served upon the defendant was sufficient to terminate the ten-·ancy?' ' '

The parties agree that the written lease preceding the year to year lease was for a year from October 1, 1943 to September 30, 1944, inclusive, that defendant was entitled to possession of the premises for all of September 30, and that the year to year lease included September 30 of each year until the tenancy was properly terminated. Plaintiff gave notice under the provisions of sec. 5 of the Landlord and Tenant Act (par. 5, ch. 80, Ill. Rev. Stat. 1947 [Jones Ill. Stats. Ann. 72.05]) reading: "In all cases of tenancy from year to year, sixty days' notice, in writing, shall be sufficient to terminate the tenancy at the end of the year. The notice may be given at any time within four months preceding the last sixty days of the year." Sec. 6 of the same Act relates to notice to terminate a tenancy for any term less than one year. Sec. 7 provides that where a tenancy is terminated by a notice under either secs. 5 or 6, no further demand shall be necessary before bringing a suit under the statute relating to forcible detainer or ejectment. Defendant states, and plaintiff agrees, that defendant was entitled to possession of the premises for the entire day of September 30, 1947. Defendant contends that plaintiff's "notice of termination and demand for possession is ineffective in that it purports to terminate defendant's year-to-year lease 'from October 1 to September 30, both inclusive,' on September 30, 1947, and demands possession 'on the same day,' which was part of the current year of defendant's lease, rent for which defendant had paid."

■■ We had occasion to consider this proposition in *Hoefler v. Erickson*, 331 Ill. App. 577. We believe that what we said in that case settles the question presented here. We said (page 583):

"In Taylor's Landlord and Tenant, Sec. 477, the author says: 'If a particular day is named in the notice, it must be the day of, or corresponding to, the conclusion of the tenancy, and not to its commencement; for if the latter day is named, the possession of the tenant for a new term has begun, and if this be for a time, however short, his holding must continue until it is determined by a new notice.' In *Necros v. Tedtman*, 238 Ill. App. 220, it was stated that the court in *Kaylor v. Smith*, 229 Ill. App. 140, regarded the case of *Bedell v. Clark*, 151 Ill. App. 419, as merely holding that the notice there considered was insufficient upon which to base a suit commenced on the day the notice required surrender of the premises; but it was further stated that the opinion in the *Bedell* case seems to have gone further than that, and is more in consonance with the general rule that a tenancy from month to month expires at midnight on the last day of the month, and that notice should call for vacation of the premises on that date, although the tenant has the right of occupancy to the very end at midnight, and the landlord the right of occupancy on the next day; but that, notwithstanding this rule, it is better reasoning to hold that the tenant cannot take advantage of a mere technical violation of the rule in the giving of an additional day in which to vacate, and that the giving of that day does not constitute consent of the landlord to holding over for another month."

We have read all of the cases cited by the parties and are of the opinion that a notice to terminate the tenancy on the last day of the term, such as was given to the defendant, is sufficient in law. The notice terminated the tenancy on September 30. It also "required" defendant to quit and deliver up possession to plaintiff on that day. Defendant could comply with the notice by quitting and delivering up possession at the close of the day, which is a reasonable interpreta-

tion of the notice. A notice terminating the tenancy at the close of a day and requiring the tenant to quit and deliver up possession at that time would be more precise, but not more informative as to the intent. We find that the notice given to defendant was in accordance with the law of this State.

Defendant discusses other points, but in view of the stipulation that the only question presented to the trial court was "whether or not the notice served upon the defendant was sufficient to terminate the tenancy," we are not called upon to consider any other points. In *Inter-State Finance Corp. v. Commercial Jewelry Co.*, 280 Ill. 116, the court said (123):

"Under the repeated decisions of this court questions that are not raised in the trial or Appellate Court cannot be raised here, therefore we express no opinion with reference to the validity of this contract."

In *Lindem v. Sauerland*, 206 Ill. App. 15 (abst.) the court said that where the parties expressly stipulate the questions to be decided, other questions are not properly raised. Subject to a few exceptions, the rule is of almost universal application that questions of whatever nature, not raised and properly preserved for review in the trial court, will not be noticed on appeal, and that where counsel declares on trial in open court that only a certain question is involved in the case, or where, by stipulation, the case is submitted only on a certain question, other questions cannot be raised in the Appellate Court. See Appeal and Error, 4 C. J. S. § 228.

We are satisfied that the trial judge ruled correctly on the point in dispute. Therefore, the judgment of the municipal court of Evanston is affirmed.

*Judgment affirmed.*

KILEY and LEWE, JJ., concur